**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| ANGEL JOHNSON,<br>Individually and on<br>behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LABTOX, LLC, MOUNTAIN COMPREHENSIVE CARE CENTER, INC., and KENNETH STEIN,<br><br>*Defendants*. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Angel Johnson ("Plaintiff" or "Johnson") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for LabTox, LLC ("LabTox"), Mountain Comprehensive Care Center, Inc. ("MCCC") and Kenneth Stein ("Stein") (collectively "Defendants"), at any time during the relevant statutes of limitations through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Kentucky Wage and Hour Act ("KWHA" or "Kentucky Act"), KY. REV. STAT. ANN. §§ 337.010, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Kentucky state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collection action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and a class action pursuant to the state laws of Kentucky under Fed. R. Civ. P. 23 to recover unpaid wages, liquidated damages, and other damages allowed by law and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, who were paid a straight hourly wage for all hours worked and no overtime compensation in violation of the FLSA.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor done in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and on-half their regular rates for all hours worked in excess of forty (40) hours each workweek.

6. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or relevant state law.

7. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time, overtime, liquidated damages and other

damages owed under the state laws of Kentucky as a class action pursuant to Federal Rule of Civil Procedure 23.

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

9. Plaintiff also prays that the Rule 23 class is certified as defined herein, and Plaintiff Johnson be named as Class Representative.

## II.
## THE PARTIES

10. Plaintiff Angel Johnson ("Johnson") was employed by Defendants in Kentucky during the relevant time period. Plaintiff Johnson did not receive compensation for all hours worked or the correct amount of overtime for all hours worked in excess of forty (40) hours per workweek.

11. The FLSA Collective Members are those current and former employees who worked for Defendants anywhere in the United States, at any time from January 27, 2019 through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Johnson worked and was paid.

12. The Kentucky Class Members are those current and former employees who worked for Defendants in Kentucky, at any time from January 27, 2017, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Johnson worked and was paid.

13. Defendant LabTox, LLC ("LabTox") is a domestic limited liability company doing business in the State of Kentucky and may be served through its registered agent for service of process: **Erika Baker, 2716 Old Rosebud Rd., Suite 280, Lexington, Kentucky 40509.**

14. Defendant Mountain Comprehensive Care Center, Inc. ("MCCC") is a domestic non-profit corporation licensed to and doing business in the State of Kentucky and may be served through

its registered agent for service of process: **Promod Bishnoi, 104 S. Front Avenue, Prestonsburg, Kentucky 41653.**

15. Defendant Kenneth Stein ("Stein") is the Owner and Chief Operating Officer of MCCC and an employer as defined by 29 U.S.C. § 203(d). Along with LabTox and MCCC, Defendant Stein employed and/or jointly employed Plaintiff Johnson and the Putative Class Members. Defendant Stein may be served with process at: **104 S. Front Avenue, Prestonsburg, Kentucky 41653, or wherever he may be found.**

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over LabTox, MCCC, and Plaintiff Johnson and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

17. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

18. This Court has supplemental jurisdiction over the additional Kentucky state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has specific personal jurisdiction over Defendants because the cause of action arose within this District as a direct result of Defendants' conduct within this District and Division.

20. Venue is proper in the Eastern District of Kentucky because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Defendant LabTox maintains its principal place of business in Lexington, Kentucky, which is located in this District and Division.

22.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23.     Defendant LabTox operates a drug and molecular diagnostic testing laboratory in Lexington, Kentucky.[1]

24.     Defendants MCCC and Stein operate behavioral and mental health treatment facilities throughout the State of Kentucky.[2]

### *Defendants are Joint Employers*

25.     Through unified operation and common control, Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

26.     Defendants shared the services of Plaintiff and the Putative Class Members.

27.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

28.     Specifically, Defendant Stein dictated (and continues to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of LabTox and MCCC and/or their clients.

29.     Further, Defendant Stein managed (and continues to manage) key internal relationships to LabTox and MCCC—that is, he directed (and continues to direct) the financials of LabTox and MCCC and he controlled the pay of Plaintiff and the Putative Class Members, who directly or indirectly reported to Defendant Stein.

30.     Defendants directly or indirectly had the power to hire and fire Plaintiff and the Putative Class Members.

---

[1] https://labtoxlabs.com.

[2] https://www.mtcomp.org/facilities; https://www.mtcomp.org/programs.

31. Defendants had the power to supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of her employment.

32. Defendants had the power to determine Plaintiff and the Putative Class Members' rates and method of payment.

33. Defendants maintained Plaintiff and the Putative Class Members' employment records.

34. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

35. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

### *Plaintiff Johnson's Employment with Defendants*

36. Plaintiff Johnson worked exclusively for Defendants in Lexington, Kentucky and Prestonsburg, Kentucky from approximately September 2018 until July 2021.

37. Plaintiff and the Putative Class Members were responsible for assisting Defendants' clients with their behavioral and mental health needs.

38. Specifically, Plaintiff Johnson's job duties consisted of collecting Defendants' clients' specimens, such as urine, in Defendants' medical labs, performing data entry tasks, assessing Defendants' clients for drug addiction treatment, preparing Defendants' clients' specimen samples for additional testing, and assisting Defendants' medical team(s) with treating Defendants' clients' behavioral and mental health conditions.

39. Based on the schedule set by Defendants, Plaintiff and the Putative Class Members typically worked over forty (40) hours each workweek.

40. Indeed, Plaintiff Johnson worked fifty-five (55) to sixty-five (65) hours per workweek, which were split between the Lexington, Kentucky facility and the Prestonsburg, Kentucky facility.

41. Specifically, Plaintiff Johnson would work approximately fifteen (15) to twenty-five (25) hours at the Lexington, Kentucky facility and an additional forty (40) hours at the Prestonsburg, Kentucky facility.

42. Plaintiff Johnson was paid a straight hourly wage but no overtime regardless of the number of hours worked each week.

43. Specifically, when Plaintiff Johnson worked for LabTox, she was paid $14.50 per hour for all hours worked.

44. When Plaintiff Johnson worked for MCCC, she was paid $14.42 per hour for all hours worked.

45. Regardless of the number of hours worked, Defendants did not pay Plaintiff and the Putative Class Members overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

46. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each workweek.

47. Because Defendants are joint employers, the FLSA requires that all hours worked be combined for purposes of overtime compensation. *See* 29 C.F.R. § 791.2.

48. Rather than comply with the law, Defendants scheduled Plaintiff Johnson to work forty (40) hours or less at LabTox and MCCC in an attempt to circumvent the FLSA even though, when combined, Plaintiff Johnson worked in excess of forty (40) hours per week.

49. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but were not paid overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

50. Because Defendants did not pay Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek, Defendants' pay policies and practices violate the FLSA.

51. Because Defendants did not pay Plaintiff and the Putative Class Members for all hours worked, Defendants' pay policies also violate the state laws of Kentucky.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

52. All previous paragraphs are incorporate as though fully set forth herein.

53. FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR LABTOX, LLC AND/OR MOUNTAIN COMPREHENSIVE CARE, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 27, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

54. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

58. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

59. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

60. In violating the FLSA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

61. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

63. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

64. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

65. Moreover, Defendants knowingly, willfully and in reckless disregard carried out the illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

66. Defendants knew or should have known their pay practices were in violation of the FLSA.

67. Defendants are a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

68. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime in accordance with the law.

69. The decision and practice by Defendants to not pay overtime compensation for all hours worked over forty (40) was neither reasonable nor in good faith.

70. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

73. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

74. The FLSA Collective Members are defined in Paragraph 53.

75. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

76. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

78. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

79. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Kentucky Wage and Hour Act)

**A.  KWHA COVERAGE**

83. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

84. The Kentucky Class is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR LABTOX, LLC AND/OR MOUNTAIN COMPREHENSIVE CARE, INC., ANYWHERE IN KENTUCKY, AT ANY TIME FROM JANUARY 27, 2017, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Kentucky Class" or "Kentucky Class Members").**

85. At all times hereinafter mentioned, Defendants have each been an "employer" within the meaning of the KWHA. KY. REV. STAT. ANN. §§ 337.010, *et seq.*; 803 KY. ADMIN. REGS. 1:005.

86. At all times hereinafter mentioned, Plaintiff Johnson and the Kentucky Class Members have been "employees" within the meaning of the KWHA. KY. REV. STAT. ANN. §§ 337.010, *et seq.*; 803 KY. ADMIN. REGS. 1:005.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KWHA**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The KWHA provides that no employer "shall require any employee to work without a rest period of at least (10) minutes for each four (4) hours worked . . . **No reduction in compensation shall be made for hourly or salaried workers**." KY. REV. STAT. ANN. § 337.365 (emphasis added).

89. The KWHA further requires that "[e]very employer doing business in [Kentucky] shall . . . pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment." KY. REV. STAT. ANN. § 337.020.

90. Defendants have willfully failed to pay Plaintiff Johnson and the Kentucky Class Members the correct amount of wages, and overtime wages, as required by the KWHA.

91.     Plaintiff Johnson and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein, and Defendants are in possession and control of necessary documents and information from which Plaintiff Johnson would be able to precisely calculate damages.

92.     Plaintiff Johnson, on behalf of herself and the Kentucky Class Members, seeks recovery of their unpaid wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Defendants. *See* KY. REV. STAT. ANN. §337.385.

93.     The proposed class of employees sought to be certified pursuant to the Kentucky Wage and Hour Act, is defined in Paragraph 84.

94.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## C.    KENTUCKY CLASS ALLEGATIONS

95.     Plaintiff Johnson brings her Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Kentucky at any time between January 27, 2017, and the present. *See* KY. REV. STAT. ANN. § 413.120(2).

96.     Class action treatment of Plaintiff Johnson's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

97.     The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

98.     The claims alleged by Plaintiff Johnson share common issues of law and fact with the claims of the Kentucky Class Members.

99. Plaintiff Johnson is a member of the Kentucky Class, her claims are typical of the claims of the other Kentucky Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Kentucky Class Members.

100. Plaintiff Johnson and her counsel will fairly and adequately represent the Kentucky Class Members and their interests.

101. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102. Accordingly, the Kentucky Class should be certified as in Paragraph 84.

## VI.
## RELIEF SOUGHT

103. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order certifying the Kentucky Class as defined in Paragraph 84 and designating Plaintiff Johnson as the Class Representative of the Kentucky Class;

   c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   e. For an Order pursuant to Kentucky state law awarding Plaintiff Johnson and the Kentucky Class Members unpaid wages, unpaid overtime, liquidated damages, and other damages allowed by law;

   f. For an Order awarding the costs and expenses of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff Johnson a service award as permitted by law;

   j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

   k. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   January 27, 2022                         Respectfully submitted,

                                                 **ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander** (*Application for Pro Hac Vice Forthcoming*)
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson** (*Application for Pro Hac Vice Forthcoming*)
        Texas Bar No. 24045189
        austin@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **THE LAWRENCE FIRM, PSC**

By:     /s/ *Anne L. Gilday*
        **Anne L. Gilday** (KY Bar ID: 90126)
        606 Philadelphia Street
        Covington, KY 41011
        Telephone: 859-578-9130
        Fax: 859-578-1032
        anne.gilday@lawrencefirm.com

*Counsel for Plaintiff and the Putative Collective/Class Members*