UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANGEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-019-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LABTOX, LLC, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the parties' joint motion for approval of an amended settlement agreement with respect to Plaintiff Angel Johnson's claims under the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Act ("KWHA"). [Record No. 46] The Court previously determined that the parties' original proposed settlement agreement was acceptable, save the inclusion of a confidentiality clause. The parties have submitted an amended agreement, but have failed to provide any explanation of the changes made. However, it is evident that the confidentiality provision has been omitted and replaced with a "Publicity" clause. It states:

> The Parties shall not issue any press release about the Agreement or its terms. The Parties shall respond to media inquiries only with the acknowledgment that "the matter was amicably resolved." The Parties agree to keep the terms of the settlement confidential and agree to work together to the utmost allowed by the Court. The Parties also agree Plaintiff will not make derogatory statements, either written or oral, or otherwise disparage any Released Party or Defendants' products or services. The Parties will not make any public statements on their websites, on social media, to news outlets, or otherwise regarding this matter. The Parties also agree these are material terms.

[Record No. 46-1, p. 9]

Case: 5:22-cv-00019-DCR    Doc #: 48    Filed: 11/15/22    Page: 2 of 4 - Page ID#: 395

But as the parties were cautioned previously, confidentiality clauses in FLSA settlement agreements contravene the legislative purpose of the FLSA and are highly disfavored. *See Whitehead v. Garda CL Central, Inc.*, 2021 WL 4270121, at *2 (W.D. Ky. Sept. 20, 2021). Courts in some cases have allowed narrow confidentiality provisions that prevented the parties from speaking to the media. *See Devine v. Northeast Treatment Ctrs., Inc.*, 2021 4803819, at *8 (E.D. Penn. Oct. 14, 2021). However, the broad "Publicity" provision in the amended agreement is simply a pared down version of the previous confidentiality clause, as it significantly limits the plaintiff's ability to communicate truthful information about the FLSA settlement to anyone by any means. Despite the Court's previous admonishment, and without any purported justification, the provision explicitly requires the parties to keep the settlement terms confidential.

FLSA settlement agreements generally may not be filed under seal because the public has a compelling interest in such information. *See Macknight v. Boulder Healthcare, LLC*, 2021 WL 391762, at *2-3 (S.D. Ohio Feb. 4, 2021); *see Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (discussing the private-public character of employee rights under the FLSA). FLSA settlement agreements generally may not be kept confidential for the same reason. *See Roberts v. A-National Limousine Serv., Inc.*, 2021 WL 3088223, at *1 (N.D. Ga. May 4, 2021) (rejecting a FLSA settlement that included a "no publicity" clause stating that the plaintiff could not discuss the agreement with "any other person or the media"); *Cortes v. Bronx Bar & Grill, LLC*, 2019 WL 6318430, at *2 (S.D.N.Y. Nov. 25, 2019) (rejecting a "prohibition on sharing information connected to the existence or substance of the agreement on social media" because "it frustrates the FLSA's purposes"); *Williams v. Coventry Health*

*Care of Fla., Inc.*, 2017 WL 8315922, at *7 (M.D. Fla. Oct. 16, 2017) (concluding that a "non-publicity" clause was likely unenforceable); *Gamble v. Boyd Gaming Corp.*, 2015 WL 4874276 (D. Nev. Aug. 13, 2015) ("No Press Releases/Public Comment" provision was unenforceable). *Cf. Leach v. NBC Universal Media LLC*, 2017 WL 4082480 (S.D.N.Y. Aug. 24, 2017) (publicity clause was acceptable when it pertained only to class representatives and their counsel and foreclosed them from engaging in a publicity campaign, but not from discussing the settlement entirely).

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The parties' joint motion for settlement approval [Record No. 46] is **DENIED**.

2. On or before **Tuesday, November 29, 2022**, the parties are directed to conduct the meeting of parties required by Rule 26(f) to develop a proposed discovery plan. If the parties opt to meet and develop a proposed discovery plan pursuant to Rule 26(f), the parties are directed to file a written joint report outlining the proposed discovery plan no later than **Tuesday, December 13, 2022**.

3. The parties' joint written report should include the following information:

   i. the parties' views and proposals required by Rule 26(f);

   ii. the length of time counsel reasonably believe will be necessary to join other parties and to amend the pleadings;

   iii. the length of time counsel reasonably believe will be necessary to file motions;

   iv. the length of time counsel reasonably believe will be necessary to complete all pretrial discovery, including expert witness discovery;

      v.  the length of time counsel reasonably believe will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2), with these disclosures to be made during the pretrial discovery phase of the case;

      vi.  the probable length of trial and whether there will be issues to submit to a jury;

      vii.  the dates that are mutually convenient with counsel to assign this case for trial (contemplating a trial date within 12 months or fewer);

      viii.  whether the parties desire a scheduling conference before entry of a scheduling order; and

      ix.  whether the parties consent to the jurisdiction of a magistrate judge for all further proceedings, including trial, pursuant to 28 U.S.C. § 636(c). Consent forms are attached to this order and forms signed by all parties' counsel should be filed by no later than the date counsels' joint status report is due. If all parties, by counsel, so consent, the Clerk of Court shall re-assign this matter to the appropriate Magistrate Judge without the necessity of further order of the Court. L.R. 73.1(c).

 Dated: November 15, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky